# Veal *v.* Whittemore, *et al.*

*Bill to Declare Conveyance Fraudulent and to Set Aside*

(Decided May 30, 1912. 58 South. 919.)

*Fraudulent Conveyance; Husband and Wife; Rights of Creditors.*—Where a debtor purchased land and paid the full price, but had the conveyances made to his wife to defraud his creditors, the conveyances were in equity conveyances from the debtor as grantor to his wife, and his creditors could sue to set them aside for fraud.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by W. B. Veal against George H. Whittemore and another to set aside certain conveyances as fraud upon creditors. From a decree sustaining demurrers to the bill complainant appeals. Reversed, rendered and remanded.

JAMES A. MITCHELL, for appellant. The court was in error in sustaining demurrers to the bill.—*Silvey & Co. v. Vernon, et al.,* 153 Ala. 570.

GEORGE HUDDLESTON, for appellee. The allegations were not sufficient on which to base the relief prayed. —1 Dan. Ch. Pr. 421; *Duckworth v. Duckworth,* 35 Ala. 70; *Seals v. Robinson,* 75 Ala. 363; *Cockrell v. Gurley,* 26 Ala. 405; *Flewellen v. Crane,* 58 Ala. 627; *Coal City Co. v. Hazard,* 108 Ala. 218; *Williams v. Spragins,* 102 Ala. 424. From these authorities, it would appear that mere general allegations of fraud and bad faith are insufficient. The bill makes no showing of any actual, fraud, and fails to allege with that exactness and certainty requisite to the right of relief.—Authorities supra.

DOWDELL, C. J.—This is a bill by a creditor for the purpose of setting aside certain conveyances alleged to have been made with the intent to hinder, delay, or defraud creditors. The bill was demurred to for want of equity, and other grounds going to the sufficiency of averments in the bill as to definiteness, certainty, etc. The chancellor sustained the demurrer to the bill as amended, and it is from this decree the present appeal is prosecuted.

That the bill contains equity we think there can be no question. It contains every necessary averment required to give equity to a bill of this character. In connection with the decree of the chancellor sustaining the demurrer, there is a statement to the effect that the demurrer is sustained as to the fourth ground. The fourth ground is as follows: "For that it does not sufficiently appear therefore that complainant's debtor, George H. Whittemore, has made any conveyances to this defendant in fraud of complainant's rights as to his creditor." This demurrer was interposed by the respondent Edith Whittemore, the wife of the respondent George H. Whittemore, which was also adopted by the latter as a ground of his demurrer. The theory of the bill, and it is so charged in the bill, that the use of the name of Edith Whittemore, the wife of the respondent debtor, George H. Whittemore, as grantee in the several conveyances assailed, was a cloak to cover up the property of the husband and to defeat his creditors. The bill charges that the husband furnished and paid the consideration in all of the mentioned conveyances, and that the wife, Edith Whittemore, was a voluntary grantee, furnishing no part of the consideration. The fact that the husband is not named as the grantor in the conveyances assailed is of no consequence, as it is charged that he furnished and paid the consideration, and

the wife, who is the grantee, paid no part of the consideration, and the conveyance was purely voluntary as to her, and that this was done for the purpose of covering up the husband's property and defrauding his creditors.

Equity looks through the form of a transaction to the substance. The conveyances assailed, therefore, on the facts charged, are in equity regarded in the same light as if they had been made directly from the husband as grantor to the wife. In the description of the conveyances assailed as fraudulent, and in the description of the property conveyed, as well as in the statement of the facts constituting the alleged fraud, the averments of the bill are possibly made with more than usual particularity and definiteness.

We are unable to see that the bill is subject to any of the stated grounds of demurrer. The decree of the chancellor is reversed, and one will be here rendered overruling the demurrer, and the respondent be allowed 30 days to answer.

Reversed and rendered, and remanded. All the Justices concur.